**1058**

posed public interest"); *Mamlin v. Genoe,* 340 Pa. 320, 324,17 A.2d 407, 409 (1941)("in our judicial system the power of courts to formulate pronouncements of public policy is sharply restricted; otherwise they would become judicial legislatures rather than instrumentalities for the interpretation of the law.").

Here, the Majority's conclusion that "public policy" requires an irrebuttable presumption in favor of Mr. Stahr is erroneous because it is in direct conflict with the plain language of the Uniform Act on Blood Tests to Determine Paternity (the Act). 23 Pa. C.S.A. § 5104(c). Instead, the legislature has codified the "public policy" of this Commonwealth and clearly and expressly provided that a court may compel interested parties to submit to blood testing, and that such blood testing can rebut the presumption of paternity. 23 Pa.C.S.A § 5104(c) and (g)[1]. Moreover, as I stated in *Brinkley:*

> We would be both naive and remiss to perpetuate the strength of this presumption and ignore the results of reliable scientific tests;

> \* \* \*

Pennsylvania is fast becoming one of only a minority of states that does not accept the results of blood tests that disprove the husband's paternity to rebut the presumption. Approximately two-thirds of the states currently have statutes permitting blood tests to be considered in the determination of paternity. HOMER H. CLARK, JR., 1 THE LAW OF DOMESTIC RELATIONS IN THE UNITED STATES 340 (2d ed.1987). We should join the majority of states and accept these reliable scientific tests to rebut the presumption that a child born to a married woman is her husband's child.

1. Sections 5104(c) and (g) state as follows:
   (c) Authority for test.—In any matter subject to this section in which paternity, parentage or identity of a child is a relevant fact, the court, upon its own initiative or upon suggestion made by or on behalf of any person whose blood is involved, may or, upon motion of any party to the action made at a time so as not to delay the proceedings unduly, shall order the mother, child and alleged father to submit to blood tests. If any party refuses to submit to

*Brinkley v. King,* 549 Pa. at 264; 701 A.2d at 188.

Thus, for the reasons I have set forth here and in *Brinkley,* I believe that the trial court did not err in refusing to dismiss Mr. Strauser's custody complaint solely on the basis of the presumption of paternity and did not err in admitting the blood test evidence. Accordingly, I would reverse the decision of the Superior Court and reinstate the decision of the trial court so that the court can conduct a hearing to determine the best interests of the child involved.

Justice CASTILLE joins this dissenting opinion.

**Steve D. FERRERO, Appellant,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (CH & D ENTERPRISES), Appellee.**

Supreme Court of Pennsylvania.

Argued March 8, 1999.

Decided April 19, 1999.

the tests, the court may resolve the question of paternity, parentage or identity of a child against the party or enforce its order if the rights of others and the interests of justice so require.
   (g) Effect on presumption of legitimacy.—The presumption of legitimacy of a child born during wedlock is overcome if the court finds that the conclusions of all the experts as disclosed by the evidence based upon the tests show that the husband is not the father of the child.

Alexander J. Pentecost, Amiel B. Caramanna, Jr., Elizabeth A. Gebhardt, Pittsburgh, for Steve D. Ferrero.

David Hawkins, Secretary, Amber M. Kenger, Mechanicsburg, for WCAB.

Joseph S. Weimer, Pittsburgh, for CH & D Enterprises.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## *ORDER*

PER CURIAM:

AND NOW, this 19th day of April, 1999, the appeal is dismissed as improvidently granted.

**In re WIDENER UNIVERSITY, INC., Appellee,**

v.

**ESTATE OF Ruth E. BOETTNER, Deceased and M. Donald Wright, Co-Executor and the Bryn Mawr Trust Company, Co-Executor, Appellees.**

**Appeal of the Boettner Institute Of Financial Gerontology, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 8, 1998.

Filed Feb. 26, 1999.

Reargument Denied April 21, 1999.